(107 App. Div. 312.)

### DOWLING v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

TRIAL—DIRECTING VERDICT—CONFLICTING TESTIMONY.

Where, in an action for injury to a passenger in a street car, from the sudden stopping of it by the motorman on the blowing out of the motor box, plaintiff's testimony tends to show the explosion was due to a short circuit, caused by rapid motion of the car through the water, which was high enough on the street from a recent rainfall to splash up on the sides, in which case, if the motorman was careless in running at too high a speed, the company would be liable for his negligence, though the sudden stopping of the car might not alone have been more than an error of judgment, and defendant's testimony tended to show the explosion was due to lightning, in which the company would not be liable for the mere error of judgment of the motorman in making a sudden stop, the trial court, disbelieving plaintiff's testimony, may grant a new trial, on verdict being rendered for plaintiff; but it may not direct a verdict for defendant.

Appeal from Trial Term, Kings County.

Action by Bridget A. Dowling against the Brooklyn Heights Railroad Company. From a judgment on a verdict directed for defendant, after a verdict for plaintiff, set aside by the court, plaintiff appeals. Reversed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Henry Escher, Jr. (George F. Elliott, on the brief), for appellant.
I. R. Oeland, for respondent.

WILLARD BARTLETT, J. The plaintiff, a passenger on one of the open electric cars operated by the defendant corporation, claimed to have been injured by the action of the motorman in checking the motion of the car so abruptly as to throw her from her seat into the street. Just before the car was thus suddenly stopped, an explosive report was heard by the passengers, and the car was filled with fire and smoke. It was undoubtedly this occurrence which caused the motorman to shut off the power and put on the brakes, with the result stated. The testimony in behalf of the plaintiff indicated that the explosive report was due to the fact that what is known to electricians as a short circuit was produced on account of the rapid movement of the car through the water on the street, which, in consequence of a recent rainfall, was high enough to splash up on the sides. The defendant, on the other hand, sought to show that the car was in fact struck by lightning. The learned trial judge told the jury, however, that it made no difference whether the motor box blew out without a lightning stroke, or whether the lightning stroke was the cause of the explosion, inasmuch as the question upon which the case turned was whether the accident happened by the negligence of the motorman in stopping the car, so as to bring it up with a jerk sudden enough to throw the passengers out. After a verdict of $4,500 had been rendered in favor of the plaintiff, the court entertained a motion to set it aside, and direct a verdict for the defendant. This

motion having been granted, judgment was entered upon the direc-tion; and from that judgment the present appeal is taken.

The opinion of the learned trial judge indicates that he set aside the verdict for the plaintiff on the ground that it was against the weight of evidence, first, because the story of the plaintiff was pal-pably false; and, second, because the unmistakable weight of evi-dence was that the car was struck by lightning. These consider-ations, if founded upon a correct view of the proof, warranted the granting of a new trial, but not the direction of a verdict the other way. That direction was evidently based upon the assumption that the alarming explosion which occurred in the car, whatever its cause, justified the motorman in stopping the car promptly, in view of the emergency, and that, at most, he was chargeable only with an error of judgment, upon which negligence could not be predicated. The correctness of this latter conclusion could hardly be questioned, if it appeared beyond dispute that the defendant was not chargeable with negligence in case the explosion occurred on account of a short circuit, produced by running the car at an im-prudent rate of speed, in view of the quantity of water on the tracks. If the motorman was careless in this respect, and his care-lessness thus occasioned the emergency, which required him to bring the car to a sudden stop, the defendant would be liable for his negligence, taking his whole conduct into consideration, although the sudden stopping of the car might not alone have been any-thing more than an error of judgment.

It seems to us that upon this record the trial court went too far in directing a verdict for the defendant. We are not willing, how-ever, to interfere with the discretion which was exercised in set-ting aside the verdict in favor of the plaintiff. That discretion was evidently influenced by the impression produced upon the mind of the learned judge by the testimony of the plaintiff herself. While, of course, the effect produced by the demeanor of the witness and his manner of giving evidence cannot be adequately conveyed to an appellate tribunal by means of the printed report, the court of review should be particularly careful in nullifying the exercise of judicial discretion, where it distinctly appears to have been based upon such personal observation. It may be that the conclusion reached in regard to the veracity of the witness will be deemed a mistaken one by the jury, upon another trial; but where the trial judge has set aside the verdict, because it seems to him to be based on false testimony, his action should not be reversed, unless it very clearly appears that he was wrong in the opinion which he formed as to the truthfulness of the evidence.

We think that entire justice will be done to both parties to this appeal by an order awarding a new trial on the customary terms, on the ground that the verdict in favor of the plaintiff was against the evidence, but reversing the judgment for the defendant, founded upon the direction of a verdict in its favor.

Judgment modified, so as to grant a new trial to the defendant upon the ground that the verdict in favor of the plaintiff was against the weight of evidence, upon payment by the defendant of the costs of the trial already

had, and disbursements to the date of the order, and the judgment, so far as it directs a verdict in favor of the defendant, reversed, without costs. All concur, except WOODWARD, J., who votes to reinstate the verdict in favor of the plaintiff.